# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| **JUDY ANN BUTTREY,** as sole proprietor of JRS Wrecker and Recovery, <br> **Plaintiff,** <br> vs. <br> **TENNESSEE DEPARTMENT OF SAFETY AND HOMELAND SECURITY; SARAH R. LUND,** individually and in her official capacity with the Tennessee Highway Patrol; **JASON THOMPSON,** individually and in his official capacity with the Tennessee Highway Patrol; **CITY OF DICKSON POLICE DEPARTMENT; RICK CHANDLER,** individually and in his official capacity as former Chief of Police of the City of Dickson Police Department; **TODD CHRISTIAN,** individually and in his official capacity with the City of Dickson Police Department, <br> **Defendants.** | No: _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES, FOR DECLARATOTY AND INJUNCTIVE RELIEF

### (INJUNCTIVE RELIEF SOUGHT)

COMES NOW, the Plaintiff, Judy Ann Buttrey, as the sole proprietor of JRS Wrecker and Recovery, by and thru counsel, files this Complaint against the Defendants seeking monetary damages and a preliminary and a permanent injunction. This is an action for: pursuant to 42 U.S.C. § 1983, violation of procedural due process; and Intentional Interference with a Business Relationship.
1

## PARTIES

1. The Plaintiff, Mrs. Judy Ann Buttrey ("Mrs. Buttrey"), is the sole proprietor of JRS Wrecker and Recovery ("JRS"), a towing service doing business in Tennessee.

2. Defendant Tennessee Department of Safety and Homeland Security ("DOSHS") is an organization, within State of Tennessee government, containing the Tennessee Highway Patrol. Service of process may be effected at 1150 Foster Avenue, Nashville, TN 37243.

3. Defendant Sarah R. Lund ("Ms. Lund"), at all relevant times in this cause, is the District Lieutenant with the Tennessee Highway Patrol. Ms. Lund is sued individually and in her official capacity with the Tennessee Highway Patrol. Service of process may be effected at 1150 Foster Avenue, Nashville, TN 37243.

4. Defendant Jason Thompson ("Mr. Thompson"), at all relevant times in this cause, is the District Captain for Division 3 - Nashville with the Tennessee Highway Patrol. Mr. Thompson is sued individually and in his official capacity with the Tennessee Highway Patrol. Service of process may be effected at 1150 Foster Avenue, Nashville, TN 37243.

5. Defendant City of Dickson Police Department ("Dickson Police Dept.") is the primary police organization within the City of Dickson, Tennessee. Service of process may be effected on the current Chief of Police, Chief Jeff Lewis (not names in this action) at 202 South Main Street, Dickson, TN 37055.

6. Defendant Rick Chandler ("Mr. Chandler") is the former Chief of Police for the Dickson Police Dept. (Mr. Chandler resigned as Chief of Police in or around July 2017.) Mr. Chandler is sued individually and in his official capacity with the Dickson Police Dept. Service of process may be effected at 119 Redbud Drive, Dickson, TN 37055.

7. Defendant Todd Christian ("Mr. Christian") is a member of the Dickson Police Dept. Mr. Christian is sued individually and in his official capacity. Service of process may be effected at 202 South Main Street, Dickson, TN 37055.

## JURISDICTION AND VENUE

8. Jurisdiction is appropriate in this Court pursuant to 42 U.S.C. § 1983 by virtue of 28 U.S.C. § 1331 and 28 U.S.C. § 1343., *et seq*. This Court has jurisdiction to hear Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is appropriate pursuant to 28 U.S.C. § 1391 in that the unlawful acts occurred in Dickson and Davidson Counties in Tennessee.

## FACTS

1. DOSHS, through the Tennessee Highway Patrol, established a Rotating Schedule Towing List ("Towing List") for towing services utilized by member organizations of DOSHS.

2. DOSHS established and publishes written policy, procedures, and standards in the Towing Services Standards Manual ("Manual"). Thus, the Manual provides a mutually explicit understanding between participating towing companies and DOSHS.

3. In reliance of the expectation to remain on the Towing List, Plaintiff, like most participating towing companies, expended substantial funds for specific equipment and personnel to comply with the established procedures in the Manual.

4. During all times relevant in this cause of action, Ms. Lund was the District Wrecker Lieutenant for District 3 - Nashville.

5. To the best of the Plaintiff's knowledge and belief, Mr. Jason Thompson was District Captain for District 3 - Nashville, and as such, he was Ms. Lund's supervisor at DOSHS during the relevant periods in this cause of action.

6. DOSHS, Ms. Lund, and Mr. Thompson have the authority and responsibility for supervising and maintaining the Manual and participating towing companies on the Towing List.

7. On July 28, 2009, Plaintiff signed the Towing Services Application for THP Call List (now referred to as the Towing List), agreeing to comply with all provision contained in the Manual. Shortly thereafter, Plaintiff was approved and continually participated on the Towing List for over seven (7) years.

8. In October 2016, one of Plaintiff's employees, Rex Buttrey, ("Mr. Buttrey") (Plaintiff's husband) was involved in a physical altercation at a restaurant in Dickson, Tennessee. At that time, City of Dickson police officers responded and determined that no arrest of either party were warranted at that time.

9. Mr. Christian, a supervisor at the City of Dickson Police Department, and, then police chief, Defendant Chandler participated in an investigation of the incident. This investigation lead to the two officers responding to the October 2016 altercation being indicted by the Dickson County Grand Jury on criminal charges of destruction and tampering with evidence.

10. Approximately three weeks after the altercation, Mr. Buttrey was charged with aggravated assault and simple assault for his participation in the altercation.

11. Mr. Christian, a non-interested third-party to the business relationship between DOSHS and Plaintiff, informed Ms. Lund and DOSHS that Mr. Buttrey had been charged with a felony.

12. In retaliation for Mr. Buttrey's participation in the altercation that lead to two (2) of Mr. Christian's fellow officers being criminally indicted, Mr. Christian further made false and misleading statements to Ms. Lund and DOSHS about Plaintiff, Mr. Buttrey, and the JRS business.

13. Mr. Christian made these statements with the intent to damage or terminate the business relationship between DOSHS and Plaintiff.

4

14. Although Mr. Buttrey was an employee of JRS, Ms. Lund summarily removed JRS from the Towing List.

15. Plaintiff, the owner of JRS, contacted Ms. Lund and requested a pre-removal hearing as provided in the Manual.

16. Ms. Lund and her supervisor, Mr. Thompson, refused to provide the pre-removal hearing and refused to follow other established policies and provisions for removing a towing company from the Towing List.

17. Shortly thereafter, Ms. Lund and DOSHS refused to respond or communicate with Plaintiff or other JRS employees regarding this matter.

18. Plaintiff had other qualified and DOSHS approved employees, besides Mr. Buttrey, available to allow JRS to continue participating on the Towing List without involving Mr. Buttrey on DOSHS calls.

19. This violation of JRS/ Judy Buttrey's protected property interest cost JRS Towing approximately 17,000.00 per month, and this loss is ongoing and continuing.

## COUNT ONE - VIOLATION OF PROCEDURAL DUE PROCESS
## UNDER THE FOURTEENTH AMENDMENT

20. Plaintiff restates and incorporates by reference the allegations contained in the foregoing paragraphs 1-19 with the same force and effect as if fully stated herein.

21. DOSHS's established policy in the Manual provides a pre-removal hearing shall occur prior to permanently removing a towing company or driver from the Towing List.

22. Plaintiff had a constitutionally protected property interest to remain on the Towing List.

23. On November 10, 2016, Ms. Lund, sent a letter notifying Plaintiff that JRS was removed from the Towing List.

24. By failing to follow the established policy and summarily removing Plaintiff from the Towing List without providing the required hearing, Defendants DOSHS, Ms. Lund, and Mr. Thompson violated Plaintiff's procedural due process rights under Fourteenth Amendment of the United States Constitution.

25. After receiving the November 10th letter, Plaintiff contacted Ms. Lund to request a hearing. Ms. Lund denied the request.

26. Plaintiff contacted other officials at DOSHS, whom all denied Plaintiff's request for a hearing as provided for in the Manual.

27. DOSHS, Ms. Lund, and Mr. Thompson violated clearly established law of which a reasonable person would have known the actions taken by Defendants was unlawfully apparent.

28. Upon information and belief, DOSHS and Mr. Thompson authorized, approved or, condoned, and knowingly acquiesced in the unconstitutional conduct of Ms. Lund. Under the supervisory principals of 42 U.S.C. § 1983, DOSHS and Mr. Thompson are liable for the unconstitutional conduct of Ms. Lund.

## COUNT TWO - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

29. Plaintiff restates and incorporates by reference the allegations contained in the foregoing paragraphs 1-28 with the same force and effect as if fully stated herein.

30. Plaintiff and DOSHS had a continuous business relationship since 2009 when Plaintiff was included on the Towing List.

31. City of Dickson, Mr. Chandler, and Mr. Christian are third-parties with no interest in the business relationship between Plaintiff JRS and Defendant DOSHS.

32. Mr. Christian had actual knowledge of the business relationship between Plaintiff and DOSHS.

33. Mr. Christian used improper means when he acted outside his normal scope of duty as a City of Dickson police officer when he informed DOSHS that an employee of Plaintiff had been charged with felony assault.

34. Mr. Christian, used further improper means when he made false and misleading statements that injured the personal and professional character and integrity of Plaintiff.

35. Upon information and belief, City of Dickson Police Department and Mr. Chandler authorized, approved or condoned, and knowingly acquiesced in the intentional and unlawful conduct of Mr. Christian resulting in a violations of Plaintiff's clearly established constitutional rights. As supervisor and employee, City of Dickson Police Department and Mr. Chandler are liable for the unlawful conduct of Mr. Christian.

36. City of Dickson, Mr. Chandler, and Mr. Christian violated clearly established law of which a reasonable person would have known the actions taken by Defendants was unlawfully apparent.

37. City of Dickson, Mr. Chandler, and Mr. Christian tortious interference in the business relationship between DOSHS and Plaintiff intentionally, directly, and proximately resulted in Plaintiff being unconstitutionally removed from the Towing List.

## DAMAGES

38. As a direct and proximate result of Defendants' City of Dickson, Mr. Chandler, and Mr. Christian interference, Defendants DOSHS and Ms. Lund immediately and summarily removed Plaintiff from the Towing List.

39. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial economic loss from the removal from the Towing List.

40. As a direct and proximate result of Defendants' actions, Plaintiff has lost other existing business relationships that required JRS to be a participant on the DOSHS Towing List.

41. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses to her personal and professional reputations.

42. As a direct and proximate result of Defendants' actions, Plaintiff will likely suffer further damages to be proven at trial.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays:

1. That proper process issue and be served upon Defendants;

2. That upon service of process, this Court set a hearing, and after such hearing, issue a Preliminary Injunction, pursuant to Fed. R. Civ. P. 65, *et seq.*, requiring DOSHS to reinstate Plaintiff to its previous position on the Towing List. Without such injunction, Plaintiff will continue to suffer economic damages;

3. That at the conclusion of the trial in this matter, this Court issue a Permanent Injunction requiring DOSHS to retain Plaintiff on the Towing List unless Plaintiff fails to comply with the standards and policies in the Manual;

4. That this Court award damages against the named defendants for damages under state and federal law as outlined in this Complaint;

5. That this Court award Plaintiff not less than three-hundred and fifty- thousand dollars ($300,000) in compensatory economic damages sustained from their unconstitutional removal from the Towing List, or in the alternative, an amount deemed by this Court to be fair and just;

6. Plaintiff be awarded all cost, reasonable attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988 incurred in bring and prosecuting this action;

7. For such other and further relief to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all claims so triable.

Dated this 9th day of November, 2017

Respectfully submitted,
THOMAS MINK & ASSOCIATES

/s/
Thomas F. Mink, II, BPR #006067
William M. Leech, III, BPR# 30515
P.O. Box 198742
Nashville, Tennessee 37219-8742
(615) 256-0138
(615) 730-5997 Fax
tmink@tfmlawadr.com
wleech@tfmlawadr.com

9